UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ELIZABETH ALOTTA**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY**, <br><br> Defendant. | 2:19-cv-10919 <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS** |

This is an appeal by Plaintiff Elizabeth Alotta, who challenges a final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits. Magistrate Judge David R. Grand issued a Report and Recommendation proposing that the Commissioner's motion for summary judgment be denied, and Plaintiff's motion for summary judgment granted in part to the extent it seeks remand and denied in part to the extent it seeks an award of benefits. ECF No. 14 (R. & R.). Magistrate Judge Grand's recommendation turned on his finding that the Administrative Law Judge ("ALJ") erred in failing to consider Plaintiff's mental impairment in evaluating her residual functional capacity. Disagreeing, the Commissioner filed timely objections urging that the Report and Recommendation: (1) fails to acknowledge that the ALJ "explicitly" considered Plaintiff's mental

1

limitations but found that, on the record before her, there was no support for including such limitations in the residual functional capacity assessment; and (2) fails to distinguish between the step-two severity assessment and the residual functional capacity analysis. ECF No. 15, PageID.560 (Comm'r Obj.). The Court will overrule the Commissioner's objections and adopt the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

## LEGAL STANDARD

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* The district court is not obligated to independently review parts of the Report and Recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

## DISCUSSION

In social security cases, the Commissioner decides whether a claimant is disabled within the meaning of the Social Security Act. 42 U.S.C. § 405(h). The district court's review of the Commissioner's decision "is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)). Substantial evidence means "more than a scintilla of evidence but less

than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

To establish disability, a plaintiff must show that she is incapable of engaging in substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Part of this disability assessment requires the Commissioner to decide whether work exists in the national economy that the applicant is able to perform. 42 U.S.C. § 423(d)(2)(A). This inquiry considers the applicant's residual functional capacity, as well her age, education, and work experience, to determine whether the applicant can return to work she had performed previously or adjust to other forms of work. 20 C.F.R. § 404.1520(g).

In this case, the ALJ assessed Plaintiff's residual functional capacity and concluded that she is capable of returning to her previous job as a "Paraprofessional/Teacher Aide." ECF No. 9, PageID.56. (Soc. Sec. Admin. Decision). The ALJ further determined that "there are other jobs existing in the national economy that she is also able to perform," as she has the residual functional capacity to perform "the full range of light work," including such jobs as "Office Helper," "Light Fixture Inspector," and "Laundry Sorter." *Id.* at PageID.57. Based on these considerations,

the ALJ found that Plaintiff is "not disabled" under the Social Security Act. *Id.* at 58.

Although the ALJ found that Plaintiff's degenerative-disc disease and sacroiliitis are "severe impairments," the ALJ deemed Plaintiff's depression a "non-severe mental impairment." *Id.* at PageID.52. This conclusion was based on the ALJ's finding that no evidence indicated Plaintiff's depression "imposed more than a mild degree of limitation on her understanding, remembering, or applying information; interacting with others; concentration," or other skills important in the work context. *Id.* The Social Security Administration enlisted Hugh Bray, Ph.D., to perform a "consultative psychological evaluation" of Plaintiff. His assessment concluded that Plaintiff would have "moderate impairment in understanding, remembering, and carrying out tasks, maintaining attention, concentrating, persistence, and pace, and withstanding stress and pressure." *Id.* at PageID.53. But the ALJ declined to give Dr. Bray's report significant weight because the restrictions he identified, in her view, "are inconsistent with the medical record, including the normal psychiatric exam findings exhibited by the claimant throughout treatment." *Id.* The ALJ accorded greater weight to an assessment carried out by the agency's psychological consultant, who did not himself examine Plaintiff, "because it is consistent with the medical record, including the lack of any significant mental health treatment in the record." *Id.*

On summary judgment, Plaintiff challenged the ALJ's finding that her depression was not a severe impairment, arguing that the ALJ's assessment was not supported by substantial evidence. After considering the agency's record, Magistrate Judge Grand determined that, even assuming the ALJ's finding that Plaintiff's depression was not severe is supported by substantial evidence, "the ALJ nevertheless erred in failing to consider the effects of this impairment on her RFC [residual functional capacity]." ECF No. 14, PageID.553. The Commissioner objected to this finding, arguing that because the ALJ found Plaintiff's depression to be a non-severe impairment, the ALJ was not required to consider whether corresponding limitations were warranted in the residual functional capacity assessment. ECF No. 15, PageID.561.

The Court has reviewed the Magistrate Judge's Report and Recommendation, as well as the Commissioner's objections, the underlying motions, and relevant case law, and will overrule the Commissioner's objections. Sixth Circuit precedent holds that, in conducting the residual functional capacity assessment, "[o]nce severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe." *White v. Comm'r of Social Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (unpublished). Here, the ALJ did find that Plaintiff's degenerative-disc disease and sacroiliitis are severe impairments. Accordingly, even though the ALJ ruled that Plaintiff's depression is not a severe impairment (a

5

finding this Court does not disturb), the ALJ should have considered Plaintiff's depression, along with the other severe impairments, in carrying out the residual functional capacity analysis.

The Commissioner correctly points out that courts in this district have held that "mild limitations need not be incorporated in the ALJ's RFC [residual functional capacity] assessment." *Revor v. Comm'r of Soc. Sec.*, No. 17-cv-13432, at \*6 (E.D. Mich. Dec. 28, 2018) (R. & R.), *adopted by* 2019 WL 233223 (E.D. Mich. Jan. 16, 2019); *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at \*6 (E.D. Mich. Jul. 24, 2017) (R. & R.), *adopted by* 2017 WL 3531438 (E.D. Mich. Aug. 17, 2017) ("[C]ourts in this district have found that mild limitations do not require incorporation into an RFC assessment.") (internal quotations omitted) (collecting cases).

But it is also the case that courts in this district have found reversible error where the ALJ fails to explain how a claimant's mild psychological limitations "*affect* the RFC [residual functional capacity] assessment . . . where the ALJ makes no mention of the claimant's mental impairment in the RFC analysis.'" *Shamsud-Din*, 2017 WL 3574694, at \*6 (emphasis added). *See Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at \*5–7 (E.D. Mich. Feb. 27, 2015); *Biehl v. Comm'r of Soc. Sec.*, No. 14-10293, 2015 WL 736366, at \*21 (E.D. Mich. Feb. 20, 2015). Indeed, social security regulations provide that when an applicant has a severe impairment, the agency "will consider the limiting

affects of all of your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. § 404.1545(e). *See* S.S.R. 96-8p, 1996 WL 374184, at *5 (Jul. 2, 1997) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). Thus, once the ALJ has found the applicant suffers from a severe physical impairment, the ALJ is "required to consider these impairments in combination with all non-severe impairments, including plaintiff's depression, in assessing her RFC." *Biehl*, 2015 WL 736366, at *21.

In this case, the ALJ did not clearly consider Plaintiff's depression in assessing her residual functional capacity. After finding that Plaintiff had two severe impairments, the ALJ focused on the fact that she considered Plaintiff's depression a "non-severe mental impairment." ECF No. 9, PageID.52. In making that determination, the ALJ weighed the competing reports by Dr. Bray, who found "moderate [mental] impairment," and the agency psychological consultant, who found no severe mental impairments. *Id.* at 53. But in the portion of the ALJ's findings analyzing Plaintiff's residual functional capacity, there is no mention of her depression. Rather, that portion of the decision considers only Plaintiff's physical impairment in determining what kind of job tasks she is able to perform. *See id.* at PageID.54–55. In *Biehl v. Commissioner of Social Security*, failure by the ALJ to mention the plaintiff's non-severe mental impairment in the portion of the decision

7

containing the residual functional capacity analysis was considered sufficient to support a finding that the ALJ had not considered Plaintiff's mental impairment in formulating her residual functional capacity. 2015 WL 736366, at *21.

Because this case will be remanded to the agency for further proceedings concerning the impact of Plaintiff's depression and other impairments on her residual functional capacity, the Court at this juncture will not assess whether the ALJ's finding that Plaintiff's depression is a non-severe impairment that does not warrant any limitation on her residual functional capacity is supported by substantial evidence. Although one of the Commissioner's objections contends that the Report and Recommendation incorrectly conflates the ALJ's severity analysis of Plaintiff's depression with the assessment of her residual functional capacity, the Report and Recommendation did not in fact reach that issue. ECF No. 14, PageID.553. Rather, Magistrate Judge Grand found that "even assuming the ALJ's Step Two finding is supported by substantial evidence, and Alotta's depression is in fact non-severe, the ALJ nevertheless erred in failing to consider the effects of this impairment on her RFC." *Id.*

## CONCLUSION

For these reasons, the Commissioner's objections (ECF No. 15), are **OVERRULED**. The Court will **ADOPT** Magistrate Judge Grand's Report and Recommendation (ECF No. 14). Accordingly, the

Commissioner's motion for summary judgment (ECF No. 13) is **DENIED**. Plaintiff's motion for summary judgment (ECF No. 12), is **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits. It is further ordered that this case is **REMANDED** to the ALJ for further proceedings consistent with the Report and Recommendation.

**SO ORDERED**.

Dated: June 30, 2020
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE